UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hormel Food Corporation, Civ. File No. 01-714 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Custino's Supreme Quality Food Products, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion to Transfer Venue. For the reasons that follow, the Motion is denied.

**BACKGROUND**

In 1998, Plaintiff Hormel Foods Corporation ("Hormel") and Defendant Custino's Supreme Quality Food Products ("Custino's") contracted for Hormel to produce frozen ziti lasagna for Custino's at Hormel's plant in Oklahoma. Hormel is a Delaware corporation with its principal place of business in Austin, Minnesota. Custino's is a Nevada corporation located in Oklahoma City, Oklahoma. At some point, a dispute arose concerning a price adjustment, and Custino's terminated the contract. Hormel then brought a collection action in Oklahoma state court. When the parties were unable to resolve the collection action, and before Custino's filed its answer in that action, Hormel dismissed the collection action and filed the instant case in this Court.

The contract provides that Custino's "consents to the personal jurisdiction and venue

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

of the federal and state courts in Hennepin County, Minnesota, U.S.A. for all purposes." (Def.'s Supp. Mem. Ex. A, ¶ 17.) The contract also provides that "[t]his Agreement shall be governed by, construed under and enforceable in accordance with the laws of the State of Minnesota, U.S.A. without regard to conflicts-of-laws principles." (Id. ¶ 15.)

Custino's now seeks to transfer this case to the Western District of Oklahoma. Although Custino's Motion is captioned as a motion for transfer under the doctrine of forum non conveniens, in fact Custino's seeks a transfer pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Thus, the statute mandates three factors for a court to consider when determining whether transfer is appropriate: (1) the convenience of parties; (2) the convenience of witnesses; and (3) the interests of justice. However, a court is not limited to considering only these three factors, because transfer determinations "require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

The party seeking a transfer bears the "heavy" burden to establish that the balance of

---

[1] There is no dispute that this case may have been brought in the Western District of Oklahoma.

factors "strongly favors the movant." United Mortgage Corp. v. Plaza Mortgage Corp., 853 F. Supp. 311, 315 (D. Minn. 1994) (Doty, J.) (emphasis omitted). Transfers under § 1404(a) "should not be freely granted," id., and there is a presumption in favor of the plaintiff's forum choice. Christensen Hatch Farms, Inc. v. Peavey Co., 505 F. Supp. 903, 911 (D. Minn. 1981).

Custino's contends that transfer is appropriate in this case because the negotiations between the parties took place in Oklahoma, most of the witnesses to the parties' agreement and course of dealing are located in Oklahoma, and because Hormel waived the forum selection clause in the contract by filing a lawsuit in Oklahoma prior to filing this lawsuit.

Custino's has failed to meet its burden to show that the case should be transferred. It offers nothing more than conclusory statements about the convenience of the parties and the witnesses, and does not offer any evidence as to what material witnesses would be inconvenienced absent a transfer. See United Mortgage, 853 F. Supp. at 315 ("[Defendant's] conclusory statements that transfer . . . would promote convenience and the interests of justice do not suffice."). Further, mere numbers of witnesses are not determinative when considering the convenience of witnesses factor. Terra Int'l, 119 F.3d at 696. Custino's contentions underscore the fact that a transfer might simply shift the inconvenience from Custino's to Hormel. This "is not a permissible justification for a change of venue." Id. (quotation omitted).

Custino's argument that Hormel has waived the forum selection clause is not only

novel, but is unsupported by any caselaw. Moreover, the cases Custino's cites in support of the notion that a forum selection clause is not dispositive on the transfer issue all involved situations of unequal bargaining power in the contract containing the forum selection clause. Such is not the case here. There is no indication that Custino's was strong-armed into the forum selection clause in its contract with Hormel, and no evidence that Custino's labored under a serious inequality in bargaining power.[2] As Judge Doty stated, "Although [Defendant] agreed to litigate all disputes in Minnesota, it now seeks to evade this contract term based on bare claims of convenience and interest of justice. . . . [Defendant] has failed to provide any evidence that demonstrates [that] the forum selection clause should not be enforced." United Mortgage, 853 F. Supp. at 315. Custino's Motion is denied.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (Clerk Doc. No. 3) is **DENIED**.

Dated: August 22, 2001

Paul A. Magnuson
United States District Court Judge

---

[2] Custino's asserts that the fact that the forum selection clause provides that Custino's consents to jurisdiction "for all purposes" shows that the clause is overbroad and should not be considered by the Court. (Def.'s Reply Mem. at 7.) Again, Custino's offers no legal authority for this rather remarkable premise.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500